ATTORNEY GENERAL LOVING HAS RECEIVED YOUR LETTER ASKING FOR AN INFORMAL OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTIONS:
 1. IS SECTION 93 OF ENROLLED HOUSE BILL 1271 (HB 1271) LEGALLY SUBSTANTIVE OR APPROPRIATIVE IN NATURE SO AS TO SURVIVE THE OPINION OF THE OKLAHOMA SUPREME COURT IN GLEN D. JOHNSON SPEAKER OF THE HOUSE OF REPRESENTATIVES AND ROBERT V. CULLISON. PRESIDENT PRO TEMPORE OF THE SENATE V. DAVID WALTERS. GOVERNOR ET AL., 819 P.2D 694 (OKLA.1991)?
 THE QUESTIONED LANGUAGE IS: "THE DUTIES AND COMPENSATION OF EMPLOYEES, NOT OTHERWISE PRESCRIBED BY LAW, NECESSARY TO PERFORM THE DUTIES IMPOSED UPON THE OKLAHOMA STATE BUREAU OF INVESTIGATION BY LAW SHALL BE SET BY THE DIRECTOR. THE SALARY OF THE DIRECTOR SHALL NOT EXCEED FIFTY-FOUR THOUSAND THREE HUNDRED THIRTY-THREE DOLLARS ($54,333.00) PER ANNUM, PAYABLE MONTHLY FOR THE FISCAL YEAR ENDING JUNE 30, 1992. . . ."
 2. DOES THE OSBI DIRECTOR, UNDER AUTHORITY OF ITS CHARTER FOUND IN 74 O.S. 150.1 ET SEQ. AND WITH THE APPROVAL OF THE OSBI COMMISSION GIVEN IN OPEN MEETING OF THE OSBI COMMISSION, HAVE LEGAL AUTHORITY TO UPGRADE THE SALARY OF UNCLASSIFIED EMPLOYEES, SPECIFICALLY THE GENERAL COUNSEL AND DEPUTY DIRECTOR?
 3. DOES THE OKLAHOMA OFFICE OF PERSONNEL MANAGEMENT HAVE LEGAL AUTHORITY TO APPROVE OR DISAPPROVE THE UPGRADING OF SALARIES OF UNCLASSIFIED EMPLOYEES BY MEANS OF OPEN MEETINGS, OR BY ANY OTHER MEANS?
 4. IF THE ANSWER TO QUESTION NUMBER THREE IS "NO," DOES THE DIRECTOR OF THE OSBI, UNDER AUTHORITY AS DESCRIBED IN QUESTION NUMBER TWO, HAVE LEGAL AUTHORITY TO RETROACTIVELY IMPLEMENT THE UPGRADE OF THE SALARIES OF UNCLASSIFIED EMPLOYEES, SPECIFICALLY THE GENERAL COUNSEL AND DEPUTY DIRECTOR, ON THE INITIAL DATE OF THE OSBI'S REQUEST TO THE OFFICE OF PERSONNEL MANAGEMENT?
AS TO YOUR FIRST QUESTION, ENROLLED HOUSE BILL 1271 OF THE 1ST SESSION OF THE 43RD LEGISLATURE HAS BEEN REVIEWED BY THE OKLAHOMA SUPREME COURT IN JOHNSON V. WALTERS 819 P.2D 694. (OKLA.1991). THEREIN, THE SUPREME COURT HELD, AT PAGE 699, THAT:
 "ALL THE GENERAL LEGISLATION PROVISIONS OF H.B. 1271 ALSO FAILED TO BECOME LAW. THE APPROPRIATION SECTIONS OF H.B. 1271 BECAME LAW EXCEPT FOR THOSE ITEMS OF APPROPRIATION DISAPPROVED BY THE GOVERNOR."
SECTION 93 OF SAID H.B. 1271 WAS AMENDATORY OF SECTION 3 OF ENROLLED SENATE BILL NO. 420 OF THE 1 ST SESSION OF THE 43RD OKLAHOMA LEGISLATURE. BOTH STATUTES MADE APPROPRIATIONS TO THE O.S.B.I. HOWEVER. SUBSEQUENT TO THE JOHNSON DECISION BOTH OF THESE SECTIONS WERE REPEALED BY THE 2ND SESSION OF THE 43RD LEGISLATURE (SEE SECTION 35 OF S.B. 101), AND NEW APPROPRIATIONS WERE GRANTED IN SECTION 18 OF S.B. 1015 IDENTICAL TO THOSE ORIGINALLY IN SECTION 93 OF H.B. 1271. THUS, YOUR FIRST QUESTION HAS BECOME MOOT BECAUSE OF THE REPEAL OF SECTION 93. HOWEVER, BECAUSE THE LEGISLATURE SUBSEQUENTLY REAPPROPRIATED THESE FUNDS, WE WILL CONTINUE TO EVALUATE YOUR OTHER QUESTIONS.
AS TO YOUR SECOND AND THIRD QUESTIONS, THE LEGISLATURE HAS PROVIDED IN 74 O.S. 150.8(D), THAT THE DIRECTOR, DEPUTY DIRECTOR, THEIR EXECUTIVE SECRETARIES AND THE ATTORNEY OF THE OKLAHOMA STATE BUREAU OF INVESTIGATION SHALL BE EXEMPT FROM THE MERIT SYSTEM OF PERSONNEL ADMINISTRATION. THESE POSITIONS ARE CONSIDERED TO BE PART OF THE EXEMPT UNCLASSIFIED SERVICE OF STATE GOVERNMENT EMPLOYEES. FURTHER, THE DIRECTOR OF THE BUREAU IS EMPOWERED BY 74 O.S. 150.7 TO APPOINT EMPLOYEES AND FIX SA ARIES OF THE BUREAU.
THE OKLAHOMA PERSONNEL ACT, AT 74 O.S. 840.16(B) (1991), REQUIRES ALL AGENCIES EMPLOYING PERSONNEL IN UNCLASSIFIED OR EXEMPT POSITIONS OF STATE GOVERNMENT TO "ESTABLISH SALARY SCHEDULES FOR SUCH EMPLOYEES THAT ARE IN CONSONANCE WITH THOSE OUTLINED ABOVE." THIS REFERENCE IS TO THE SALARY SCHEDULE OF THE MERIT SYSTEM OF PERSONNEL MANAGEMENT (I.E., THE CLASSIFIED SERVICE) PROVIDED FOR IN 74 O.S. 840.16(A) AND DETAILED IN 62 O.S. 7.11. THE SCHEDULE ESTABLISHES ONE HUNDRED PAY GRADES AND THIRTEEN STEPS PER GRADE.
IT THUS APPEARS TO BE THE INTENT OF THE LEGISLATURE THAT THE OFFICE OF PERSONNEL MANAGEMENT FURTHER REFINE THE DETAIL OF THE LEGISLATURE'S SALARY SCHEDULE OF 62 O.S. 7.11 INTO STEPS, AND MORE IMPORTANTLY, ASSIGN EACH POSITION TO A PAY GRADE, AND WHEN APPROPRIATE ADJUST THE PAY GRADE ASSIGNMENTS. SIMILARLY, IT APPEARS TO BE THE INTENT OF THE LEGISLATURE FOR AGENCIES EMPLOYING UNCLASSIFIED AND EXEMPT EMPLOYEES TO ESTABLISH SALARY SCHEDULES FOR SUCH EXEMPT, UNCLASSIFIED EMPLOYEES, IN ACCORD WITH THE LEGISLATURE'S SALARY SCHEDULE PUBLISHED IN 62 O.S. 7.11. IT IS THE OPINION OF THE UNDERSIGNED THAT THIS BIFURCATION BY THE LEGISLATURE OF SECTION 840.16 IS INTENDED FOR THE PURPOSE OF AUTHORIZING THE ADMINISTRATOR OF OPM TO SET THE COMPENSATION OF THE MERIT SYSTEM EMPLOYEES, AND ALLOWING THE VARIOUS AGENCIES TO SET THE COMPENSATION OF THE EXEMPT, UNCLASSIFIED EMPLOYEES.
IN 1989, THE LEGISLATURE ENACTED 74 O.S. 840.16(B) WHICH GENERALLY RESTRICTS THE GRANTING OF PA RAISES TO ALL CLASSIFIED UNCLASSIFIED AND EXEMPT EMPLOYEES IN THE EXECUTIVE BRANCH OF STATE GOVERNMENT. SUCH RESTRICTED RAISES, UNLESS OTHERWISE PROVIDED IN THE OKLAHOMA CONSTITUTION. WOULD INCLUDE "INCREASES IN PAY, WAGES, SALARIES. COMMONLY KNOWN AS `MERIT INCREASES', `PERFORMANCE PAY INCREASES', `SALARY ADJUSTMENTS' AND 'STEP INCREASES."
74 O.S. SECTION 840.16[74-840.16](B) PROHIBITS THE GRANTING OF SUCH "RAISES" . . . "UNLESS AUTHORIZED BY THE LEGISLATURE AND BY MERIT SYSTEM OF PERSONNEL RULES PROMULGATED BY THE ADMINISTRATOR." HOWEVER, THE LEGISLATURE EXERCISES THE SOVEREIGN POWER OF THE STATE, AND IT MAY GRANT OR AUTHORIZE AN PAY RAISE IT DEEMS APPROPRIATE BY LEGISLATION WITHOUT ADDITIONAL ASSISTANCE BY OPM. OKLA. CONST. ARTICLE V, SECTION 36 SEE ALSO BOARD OF REGENTS OF UNIVERSITY OF OKLAHOMA V. BAKER, 638 P.2D 464 (OKLA.1981). THEREFORE, THE SECOND CLAUSE OF 840.16(B) APPEARS TO RELATE TO THE ADMINISTRATOR'S AUTHORITY TO ASSIGN AND ADJUST PAY GRADES FOR THE CLASSIFIED SERVICE UNDER THE AUTHORITY OF 74 O.S. 840.16(A) OF THE ACT. 74 O.S. 840.16(B) FURTHER PROVIDES FIVE EXCEPTIONS TO THE PAY RAISE PROHIBITION WHEN ACTION IS TAKEN "IN GOOD FAITH":
 "1. SALARY ADVANCEMENTS ON PROMOTION OR DIRECT RECLASSIFICATION TO A JOB CLASSIFICATION WITH HIGHER GRADE;
 2. SALARY ADJUSTMENTS RESULTING FROM A GRADE CHANGE FOR A CLASS ADOPTED BY THE OFFICE OF PERSONNEL MANAGEMENT;
 3. INCREASES IN LONGEVITY PAYMENTS PURSUANT TO 74 O.S. 805.2 OF TITLE 74 OF THE OKLAHOMA STATUTES;
 4. PAYMENT OF OVERTIME, SPECIAL ENTRANCE RATES, PAY DIFFERENTIALS; OR
 5. PAYMENT OF WAGES, SALARIES, OR RATES OF PAY ESTABLISHED AND MANDATED BY LAW.
SUBSECTION 1 CLEARLY RELATES TO SALARY ADVANCEMENTS FOR EMPLOYEES PROMOTED OR RECLASSIFIED TO A HIGHER GRADE; AND THIS SUBSECTION MAY BE USED BY EMPLOYING AGENCIES OF ANY CLASSIFIED, UNCLASSIFIED OR EXEMPT EMPLOYEE. SUBPARAGRAPH 2 APPEARS TO RELATE TO THE ADMINISTRATOR'S AUTHORITY IN SECTION 840.16A TO ADJUST SALARIES BASED ON A GRADE CHANGE FOR A CLASS ADOPTED BY HIM FOR THE CLASSIFIED SERVICE. SUBSECTIONS 3, 4, AND 5 APPEAR TO PROVIDE FOR SPECIAL CIRCUMSTANCES. LIKE LONGEVITY PAYMENTS AND OVERTIME, WHICH APPEAR NOT TO BE SUBJECT TO UNCERTAINTY OR CONFUSION.
ENFORCEMENT OF THE 74 O.S. 840.16(B) PAY RAISE RESTRICTION IS NOT SPECIFICALLY PROVIDED. FOR THE CLASSIFIED SERVICE IT WOULD INDIRECTLY BE MONITORED BY THE OPM THROUGH REGULAR ADMINISTRATION OF THE MERIT SYSTEM.
AS TO THE MONITORING OF THE 840.16B GOOD FAITH STANDARD FOR THE UNCLASSIFIED, EXEMPT SERVICE, IT APPEARS TO BE A MATTER BETWEEN THE EMPLOYING AGENCY AND THE LEGISLATURE THROUGH THE APPROPRIATION AND BUDGET PROCESS. EACH YEAR THE LEGISLATURE AUTHORIZES THE FULL-TIME EMPLOYEE (FTE) LIMIT FOR ALL AGENCIES OF THE EXECUTIVE BRANCH AND MANDATES SPENDING LIMITS FOR PERSONNEL COSTS FOR THOSE AGENCIES RECEIVING APPROPRIATED FUNDS. THE LEGISLATURE IN ITS SOVEREIGN CAPACITY ESTABLISHES THE BUDGET FOR EXECUTIVE AGENCIES OF STATE GOVERNMENT, AND IT MAY RECEIVE AND REVIEW. INFORMATION AS IT DEEMS APPROPRIATE TO REGULATE THIS SUBJECT. SECTION 840.16B OF THE ACT DOES NOT APPEAR TO BE A GRANT OF REGULATORY AUTHORITY TO THE ADMINISTRATOR OF OPM TO REGULATE SALARY ADVANCEMENTS WITHIN THE UNCLASSIFIED AND EXEMPT SERVICE "ON PROMOTION OR DIRECT RECLASSIFICATION TO A JOB CLASSIFICATION WITH A HIGHER GRADE" MADE PURSUANT TO SUBSECTION I, OF SECTION 840.16B OF THE ACT. IN THE 1992 LEGISLATIVE SESSION. SECTION 840.16B. WAS AMENDED TO REQUIRE THE APPOINTING AUTHORITY TO EXPLAIN IN ITS AGENCY PAY PLAN HOW THE AGENCY WILL ABSORB AND INCREASED COSTS FOR THESE ACTIONS.
IN RESPONSE TO YOUR SECOND QUESTION, THE DIRECTOR OF THE OSBI HAS AUTHORITY FOUND IN 74 O.S. 150.7 TO UPGRADE THE SALARIES OF THE AGENCY'S UNCLASSIFIED EMPLOYEES FOR ANY OF THE FIVE ENUMERATED EXCEPTIONS IN SECTION 840.16B.
THE ANSWER TO YOUR THIRD QUESTION IS THAT THE OFFICE OF PERSONNEL MANAGEMENT DO S NOT HAVE LEGAL AUTHORITY TO APPROVE OR DISAPPROVE THE UPGRADING OF SALARIES IN THE UNCLASSIFIED SERVICE OF THE OSBI.
AS TO YOUR FOURTH QUESTION, IT WOULD APPEAR THAT THE RETROACTIVE IMPLEMENTATION OF A SALARY UPGRADE WOULD BE THE EQUIVALENT OF A GIFT, BECAUSE PERSONAL SERVICES HAVE BEEN RENDERED AT A PREVIOUSLY STATED RATE OF COMPENSATION. THE MAKING OF A GIFT WOULD VIOLATE ARTICLE X, SECTION 15 OF THE OKLAHOMA CONSTITUTION.
HOWEVER, IF THE DIRECTOR GRANTED A PAY ADJUSTMENT, AND BOTH THE DIRECTOR AND EMPLOYEE AGREED TO SUSPEND THE DISBURSEMENT OF THE HIGHER ADJUSTED AMOUNT UNTIL THE QUESTION COULD BE REVIEWED BY APPROPRIATE OFFICIALS, THEN THE COMPENSATION FOR SERVICES PERFORMED WOULD NOT CONSTITUTE A GIFT. UPON A DETERMINATION THAT THE DIRECTOR'S ACTION WAS LAWFUL, THE EMPLOYEE COULD BE PAID THE AMOUNTS HELD IN ABEYANCE SINCE THE GRANT OF THE SALARY ADJUSTMENTS.
(JOHN M. CRITTENDEN)